## ANDREWS v. WILBUR.

### No. 18,313; September 12, 1895.

41 Pac. 790.

**Appeal—Sufficiency of Evidence.**—On Appeal from an Order denying a new trial, only rulings of the trial court assigned as error, and the sufficiency of the evidence to sustain the verdict, can be considered.

**Appeal.**—The Verdict of a Jury on Conflicting Evidence will not be disturbed on appeal.

An Attorney Who Buys His Client's Note at Less Than Its Face value, and then collects from the client its full value, is liable for interest, on the excess of the amount received by him over the amount paid, from the date of its receipt.

APPEAL from Superior Court, Sutter County; E. A. Davis, Judge.

Action by Sarah Andrews against J. L. Wilbur. Judgment for plaintiff. From an order denying his motion for a new trial, defendant appeals. Affirmed.

Wm. G. Murphy and M. C. Barney for appellant; Forbes & Dinsmore for respondent.

HARRISON, J.—It is alleged in the complaint that, while the defendant was acting as the attorney and confidential agent of the plaintiff, he purchased a promissory note and mortgage that had been executed by her to one Wheeler; that, by reason of his position as her attorney, he received information that the note could be purchased for less than its face, and that thereupon he did so purchase it, in violation of the confidence reposed in him by her, and without her knowledge; that afterward he received from her the full amount of said note. The plaintiff therefore asked judgment for the amount received by the defendant from her in excess of the amount paid by him for the note. The case was tried by a jury, who rendered a verdict in favor of the plaintiff. A new trial was asked by the defendant, and denied by the court, and from this order he has appealed.

The sufficiency of the complaint is not involved in this appeal. Upon the appeal from the order denying a new trial, we can only consider the rulings of the court assigned as error, and the sufficiency of the evidence to sustain the verdict. The only ground specified by the appellant, in his statement on motion for a new trial, in which the evidence is insufficient to sustain the verdict, is that the evidence failed to show that at the time of the purchase of the note he held the relation of agent or attorney to the plaintiff. Upon this point it is only necessary to say that this proposition was sharply contested at the trial, and that the main portion of the transcript, containing over one hundred pages, relates to evidence upon this point. The appellant in his brief seeks to show that the ver-

dict should have been otherwise; but, as we are precluded from weighing the testimony, the verdict of the jury thereon must be taken as conclusive.

No exception appears to have been taken to the instructions to the jury, and the rulings of the court upon the admission of evidence, to which objections were made, are not such as to justify a reversal.

The plaintiff was entitled to interest, upon the amount received from her by the defendant in excess of the amount he had paid, from the date of its receipt. It was money in his hands belonging to her, which he had received to her use, and which he detained from her: Civ. Code, sec. 1917. The order is affirmed.

We concur: Van Fleet, J.; Garoutte, J.